**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30068 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-00026-RRB |
| v. | |
| STACY HUNT, a.k.a. Mario DeSean McCoy, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

Stacy Hunt appeals pro se from the district court's order denying his motion

under Federal Rule of Criminal Procedure 41(g) seeking return of $6200 seized

by the Drug Enforcement Administration.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We affirm.

We construe Hunt's motion as being brought under 18 U.S.C. § 983(e), the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.  The district court did not err when it denied Hunt's motion as untimely, because Hunt did not file the motion within five years of the date of final publication of notice of seizure.  *See* 18 U.S.C. § 983(e)(1), (3) (providing that "any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture," but "not later than 5 years after the date of final publication of notice of seizure of the property").

Hunt's remaining contentions are unpersuasive.

**AFFIRMED.**

10-30068